## No. 5034.

### DESIREE HICKMAN *v.* AMOS B. THOMPSON.

A third opposition is allowed, first, when the third person making the opposition pretends to be the owner of the thing seized; second, when he contends that he has a privilege on the proceeds.

In this instance it is not contended that the minors on whose behalf an intervention is made, own the property seized; and if they had a privilege on its proceeds, about which this court says nothing, it could only be enforced when the sale had been effected. It has not been shown that there is any law authorizing a judge to order, as he did, the sheriff to make no title to property to be sold under execution unless it bring the price fixed upon by him.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn,* J. *T. C. Manning,* for plaintiff and appellant. *R. T. Bowman,* for defendant and appellee.

MORGAN, J. Desirée Hickman mortgaged her interest in a piece of property which she owned as partner in the community which had existed between her deceased husband and herself. When Thompson, the owner of the mortgage, attempted to sell the property mortgaged, Mrs. Hickman injoined the sale, alleging that the property belonged to the succession of her late husband, which had never been closed, against which large claims had been preferred. This court set aside the injunction, and ordered the property to be sold to satisfy the mortgage held by Thompson. See 24 An. p. 264.

When the sheriff was about to sell the property in obedience to the decree rendered by this court, Thomas B. French, alleging himself to be the under tutor of the minors Hickman, filed a third opposition, alleging that the property advertised to be sold belongs to their tutrix; that their tutrix owes them $25,000; that their tacit mortgage to secure the same has been recorded within the time prescribed by law; that they are entitled to be paid out of the proceeds of the land to be sold the amount of their debt, and they prayed that the sheriff be ordered to retain in his hands the sum due set forth ($25,000) out of the proceeds of the sale, and if not paid in cash that he be ordered not to make title to the purchaser until said sum is paid. They further alleged that unless the property brings the amount of the first mortgage, viz: the sum of $25,000, with interest as claimed, the second mortgage creditor can not sell under his mortgage, and they prayed the court to order the sheriff to pronounce it no sale in that event, and not to adjudicate the property to any purchaser until the bid shall equal the amount of their mortgage. These orders were issued as prayed for. The property was offered for sale, and Thompson bid thereon two-thirds of the appraised value thereof, but the sheriff, by reason of the order just referred to, refused to adjudicate it to him. Then the plaintiff, alleging her necessitous circumstances, claimed to

be entitled to one hundred and sixty acres of the land about to be sold, or so much thereof as may be worth $2000, under the homestead act, and prayed that defendant and the sheriff be ordered to desist from selling or making title to the quantity of land above specified and the dwellings and improvements thereon. And the court ordered the sheriff to desist from making a title to the whole land until the rights and demands of the petitioner be heard and determined.

Both oppositions were dismissed, and the orders therein given revoked by the court which allowed them to be filed on a hearing, and the opponents have appealed.

There is no error in the judgment. A third opposition is allowed, first, when the third person making the opposition pretends to be the owner of the thing which has been seized; or, second, when he contends that he has a privilege on the proceeds of the thing seized and sold. C. P. 396. Here it is not contended that the minors own the property which had been seized, and if they had a privilege on its proceeds, with reference to which we say nothing, it could only be enforced when the sale had been effected. We have been referred to no law by the counsel for appellants, nor do we know of any, which authorizes a judge to order the sheriff to make no title to property to be sold by him under execution unless it bring the price fixed upon by him.

As to the plaintiff, she can not, we think, be considered in the indigent circumstances contemplated by the law. If her interest in the property seized was taken from her she would still have the usufruct of the balance.

Judgment affirmed.